CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 03 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| WILLIAM C. HICKS, | ) | CASE NO. 7:12CV00049 |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| HAROLD CLARKE, DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS, | ) | By: James C. Turk<br>Senior United States District Judge |
| Respondent. | ) | |

William C. Hicks, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement pursuant to revoked suspended sentences.[1] Upon review of the record, the court grants the respondent's motion to dismiss the petition as untimely and procedurally defaulted.[2]

I

Hicks was convicted after a bench trial in the Circuit Court of Pittsylvania County of six counts of petty larceny third offense, pursuant to a judgment dated October 25, 1999. The judge found that Hicks and a friend persuaded another individual, Dan Gauldin, to cash checks with insufficient funds in the bank to cover them. On August 9, 2007, the Court revoked 18 years of previously suspended sentence against Hicks and re-suspended 12 of those years. The Court

---

[1] Petitioner originally filed his action in the United States District Court for the Eastern District of Virginia. It was transferred here because the court that imposed the judgment under challenge is located in this district.

[2] Because the petition must be dismissed on procedural grounds, the court denies petitioner's motion for appointment of counsel. See Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B) (authorizing appointment of counsel in § 2254 case at court's discretion upon finding that "the interests of justice so require").

delayed execution of the remaining six years upon terms and conditions. Hicks did not appeal the August 2007 ruling.

On February 9, 2009, Hicks pleaded guilty in the Circuit Court of Pittsylvania County to failure to appear and violation of his terms of release.[3] The Court sentenced Hicks to six months for the failure to appear offense and suspended all of that sentence, but ordered Hicks to serve the six-year sentence on which the Court had delayed execution on August 9, 2007. Hicks did not appeal the February 9, 2009 judgment.

Hicks filed a state habeas corpus petition in the Circuit Court of Pittsylvania County on February 2, 2011, in which he alleged the following grounds for relief:

(a) Counsel provided ineffective assistance in failing to advise petitioner of his right to appeal and in failing to investigate and challenge the evidence from petitioner's 1999 convictions; and

(b) The Commonwealth denied petitioner due process in connection with his February 9, 2009, revocation hearing by withholding exculpatory evidence about the credibility of a witness during petitioner's 1999 trial.

The Court denied relief and dismissed Hicks' petition on May 4, 2011. Pittsylvania Cir. Ct. No. CL11000056-00. The Court rejected Claim (a) on the merits and dismissed Claim (b) as barred under Virginia's statute of limitations. Virginia Code Ann. § 8.01-654(A)(2). Hicks did not properly perfect an appeal to the Supreme Court of Virginia of the circuit court's habeas judgment. He filed a notice of appeal in the circuit court, but he failed to file a timely petition for appeal in the Supreme Court of Virginia. Hicks filed a motion for extension of time to appeal in early August 2011. On August 16, 2011, the Supreme Court denied the motion under Rule 5:17(a)(1) of the Rules of the Supreme Court of Virginia, which requires that a petition for

---

[3] The probation violation charges were based on the fact that Hicks had incurred a new criminal charge for embezzlement in another jurisdiction. (ECF No. 1, pp. 6, 23.)

2

appeal from a circuit court ruling must be filed "not more than three months after entry of the judgment."

Hicks signed and dated this § 2254 petition on November 20, 2011, alleging a single claim: that in preparation for the 2009 probation revocation hearing, the prosecution withheld exculpatory evidence concerning the credibility of Dan Gauldin, a witness who testified against Hicks at the 1999 trial. Respondent has moved to dismiss the § 2254 petition as untimely and procedurally defaulted, and Hicks responded, making the matter ripe for disposition.

## II

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. §2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final when the availability of direct review is exhausted. See 28 U.S.C. § 2244(d)(1)(A).[4] Under 28 U.S.C. § 2244(d)(2), however, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is pending. Because statutory time limits on state petitions are "condition[s] to filing," an

---

[4] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

untimely petition is not "properly filed" for purposes of tolling under § 2244(d)(2). Artuz v. Bennett, 531 U.S. 4, 11 (2000).

Hicks' § 2254 claim attacks the validity of the circuit court's February 9, 2009, judgment, finding that he had violated terms of his release and imposing a six-year prison term that the judge delayed executing in 2007. This 2009 judgment became final on March 11, 2009, when Hicks failed to file a notice of appeal within the applicable 30-day time limit.[5] See Va. Sup. Ct. R. 5:14. Hicks' one-year filing period under § 2244(d)(1)(A) expired on March 11, 2010. Since Hicks did not file his state petition until after the time period expired, its pendency did not toll the filing period under § 2244(d)(2). Thus, his § 2254 petition is time barred under § 2244(d)(1)(A).

Hicks asserts that his petition is timely under § 2244(d)(1)(D). He is mistaken. Hicks argues that his one-year filing period should start on May 20, 2010, when he first learned the facts necessary for his claim concerning Dan Gauldin's credibility. Starting the filing period on that date, Hicks allowed 258 days to elapse before filing his state habeas petition on February 2, 2011. The pendency of that petition tolled the federal filing period under § 2244(d)(2) until the circuit court denied relief on May 4, 2011. At that point, the tolling under § 2244(d)(2) ended, the federal limitation period began to run again, and the filing period, as calculated under § 2244(d)(1)(D), expired 107 days later, on August 19, 2011.

Because Hicks never submitted a properly filed state habeas appeal petition, see Artuz, 531 U.S. at 11, he is not entitled to any tolling under § 2244(d)(2) based on his attempted habeas

---

[5] The respondent asserts that the February 9, 2009 judgment against Hicks became final on the day it was entered. Section 2244(d)(1), on its face, provides that a state criminal judgment becomes final when the time for seeking direct review expires.

appeal in the Supreme Court of Virginia.[6] Hicks filed his § 2254 petition on November 20, 2011, at the earliest,[7] three months after his federal filing period under § 2244(d)(1)(D) expired, and the petition is untimely filed under this subsection. Hicks also does not allege facts on which his § 2254 petition could be deemed timely under § 2244(d)(1)(B), based on the removal of an impediment, or § 2244(d)(1)(C), based on a new, retroactive Supreme Court decision. Therefore, Hicks' petition is untimely under § 2244(d) and is barred from review of the merits unless he demonstrates some ground for equitable tolling.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present exceptional circumstances that prevented him from filing on time and must demonstrate that he has been duly diligent. Pace v. DiGuglielmo, 544 U.S. 408, 418, and n. 8 (2005).

Hicks first argues that his limited access to law library materials and the institutional attorney hampered his ability to file timely habeas proceedings. Generally, an inmate's pro se status and ignorance of the law are not sufficient grounds to justify equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

---

[6] See Escalante v. Watson, No. 10-7240, slip copy, 2012 WL 2914239, *2-3 (4th Cir. July 18, 2012) (finding that where petition for habeas appeal was not properly filed in the Supreme Court of Virginia, petitioner not entitled to tolling for period when timely notice of appeal and improperly filed habeas appeal petition were pending); Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va.), appeal dismissed, 47 F. App'x 200 (4th Cir. 2001) (unpublished) (same, noting that "just because [an] application [for a habeas appeal] is pending, does not mean that [the appeal] was properly filed").

[7] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. See Rule 3(d), Rules Governing § 2254 Cases.

Hicks also appears to argue actual innocence as a ground for equitable tolling.[8] To state a claim of actual innocence sufficient to excuse procedural default, a petitioner must show "it is more likely than not that no reasonable juror would have convicted him" of the underlying crime if jurors had received specific, reliable evidence not presented at trial. Bousley v. United States, 523 U.S. 614, 623 (1998), citing Schlup v. Delo, 513 U.S. 298, 327 (1995). Whether a similar exception to the habeas limitation period exists is an issue currently pending before the United States Supreme Court. See Perkins v. McQuiggin, 670 F.3d 665 (6th Cir. 2012), cert. granted, McQuiggin v. Perkins, No. 12-126 (Oct. 29, 2012). Even if a showing of actual innocence can provide an exception to the time bar in § 2244(d), however, Hicks fails to make the necessary showing under Schlup.

Hicks claims actual innocence based on new evidence about Gauldin, the alleged victim of Hicks' criminal offenses and a key Commonwealth's witness at Hicks' 1999 trial. Hicks asserts that on May 20, 2010, he learned from another inmate that around the time of Hicks' trial, Gauldin had been arrested on charges of drug distribution, had avoided prosecution by working as an informant for law enforcement agents, and had testified against several individuals convicted of drug offenses.

At Hicks' trial, Gauldin testified that in the first two weeks of 1999, he cashed some checks for Hicks and a friend, Trishia, at his home as a favor, after the pair represented to him that a deposit had already been made to cover the check amounts. Trial Transcript ("Tr. Trans.")

---

[8] A claim of actual innocence based on newly discovered evidence is not in itself a constitutional claim or a ground for habeas relief. Herrera v. Collins, 506 U.S. 390, 404 (1993).

11, 27, Sept. 16, 1999. After Gauldin deposited the checks into his own account, his bank rejected them for insufficient funds.[9] Tr. Trans. 14.

Hicks' theory of defense at trial was that he never intended to defraud Gauldin. Hicks had deposited to his savings account a check for several hundred dollars that he planned to transfer to his new checking account to purchase a car. Then, Hicks and Trish started using cocaine and went to Gauldin to get cash for drugs outside business hours. Hicks testified that Trish showed Gauldin a deposit slip for the car money as proof that Hicks planned to deposit sufficient funds to cover the checks. Tr. Trans. 60-63. The court did not find Hicks' testimony about the deposit slip to be credible, ruled that "[Hicks] clearly wrote those checks knowing the money was not in the bank," and found him guilty of larceny. Tr. Trans. 91-93.

Hicks has not demonstrated that his new evidence so impeaches Gauldin's credibility that no reasonable fact finder would find Hicks guilty on the larceny charges. Gauldin's work as an informant has no effect on the facts of Hicks' case or on the incredulity of Hicks' own testimony about the deposit slip. Moreover, Gauldin's work with law enforcement and his success as a Commonwealth's witness tends to bolster his general credibility. Because Hicks' new evidence does not make a colorable showing of actual innocence under Schlup, it cannot serve as an exception to the habeas limitation period under § 2244(d)(1). Accordingly, the court grants the

---

[9] The parties stipulated that authentic bank records showed Hicks' account did not have sufficient funds to cover the checks he wrote to Gauldin. Tr. Trans. 9; C'lth Exhibit 1.

motion to dismiss his petition as untimely filed.[10] An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 3rd day of January, 2013.

/s/ James C. Turk
Senior United States District Judge

---

[10] The motion to dismiss Hicks' claim as procedurally barred is also well taken. When Hicks raised his current claim in his state habeas petition, the circuit court dismissed it as untimely under state law. See Va. Code. Ann. § 8.01-654(A)(2). This state statute of limitations is an adequate and independent state procedural bar that precludes federal review of the claim on the merits. Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). Hicks defaulted his claim again by failing to present it properly to the Supreme Court of Virginia in his habeas appeal. Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986). Because Hicks fails to demonstrate cause and prejudice or actual innocence to excuse his procedural defaults, the claims are barred from federal review of the merits. See Teague v. Lane, 489 U.S. 288, 298 (1989).